IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| JOHN DOUGLAS MITCHELL | § | |
| VS. | § | CIVIL ACTION NO. 1:10CV600 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ORDER OVERRULING OBJECTIONS AND
ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, John Douglas Mitchell, an inmate confined at the Eastham Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The court referred this matter to the Honorable Keith F. Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge recommends this action be dismissed with prejudice as barred by the applicable statute of limitations.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such referral, along with the record, and pleadings. Petitioner filed objections to the magistrate judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and applicable law. *See* FED. R. CIV. P. 72(b).

Petitioner argues that pursuant to *Day v. McDonough*, 547 U.S. 198, 209, 126 S.Ct. 1675, 164 L.Ed.2d 376 (2006), he was not given "notice" or an "opportunity to be heard" before the magistrate judge *sua sponte* recommended dismissal of the present petition on statute of limitations grounds. The magistrate judge's report and recommendation serves as notice that the District Court may dismiss petitioner's application for habeas corpus relief as time-barred and the opportunity to file objections constitutes petitioner's opportunity to be heard. *See Kiser v. Johnson*, 163 F.3d 326, 329 (5th Cir. 1999). Petitioner's objections, therefore, on this ground are

without merit.

Petitioner's claim of actual innocence does not entitle him to equitable tolling because he has stated no facts to explain why he is two years late. Claims of actual innocence do not preclude dismissal of a petition as untimely. *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000); *see also Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002).

In addition, petitioner's argument for an alternative trigger date, under 28 U.S.C. § 2244(d)(1)(D), based on "newly presented" evidence is also without merit. This provision centers around the date on which the "factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence". *See* 28 U.S.C. § 2244(d)(1)(D). As acknowledged in his original petition, petitioner was aware of the alleged exculpatory evidence at the time of his trial and, through the exercise of due diligence, could have or should have discovered the factual predicate of his claims at that time. *See* Pet.'s Orig. Pet., pg. 9, par. 4.

To the extent petitioner argues the miscarriage of justice exception should apply to his otherwise time-barred claims, this claim must also fail. To date, the miscarriage of justice exception has only been applied as an exception to procedurally defaulted claims. Even assuming the miscarriage of justice exception applies in such a context, the Fifth Circuit has found that evidence will not meet the *Schlup's* "new" standard if "it was always within the reach of [the inmate's] personal knowledge or reasonable investigation." *Moore v. Quarterman*, 534 F.3d 454, 465 (5th Cir. 2008). As previously stated, the alleged "newly presented" evidence has always been within the reach of petitioner's personal knowledge and, under the Fifth Circuit's definition in Moore, an inmate cannot succeed on an actual-innocence claim and an ineffective assistance of counsel claim which rest on the same set of facts. If trial counsel should have presented certain information before the jury, then the information "was always within the reach of [the inmate's] personal knowledge or reasonable investigation." *Moore*, 534 F.3d at 465.

Furthermore, the court is of the opinion petitioner is not entitled to a certificate of appealability. An appeal from a judgment denying post-conviction collateral relief may not

2

proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253. The standard for a certificate of appealability requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). To make a substantial showing, the petitioner need not establish that he would prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

In this case, petitioner has not shown that the issue of whether his federal petition is time-barred or the issues raised by his claims are subject to debate among jurists of reason. The questions presented are not worthy of encouragement to proceed further. Therefore, the petitioner has failed to make a sufficient showing to merit the issuance of certificate of appealability. Accordingly, a certificate of appealability will not be issued.

ORDER

Accordingly, petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendations. A certificate of appealability will not be issued.

So **ORDERED** and **SIGNED** this **18** day of **December, 2010.**

_____
Ron Clark, United States District Judge